on this morning's docket is P & S Grain, LLC, et al. v. Herrin Community School, District 4 and we have Ronald Osmond for the appellant and we have Thomas... Who's the appellant? I've got the wrong... I've got the right name. And we have Thomas... Yes, he's green. Where is my... Here you go. I've got two of the same one. We have Stephen Green for the appellant, start over, and Ronald Osmond for the appellant. Okay, we may be good. Thank you. May it please the court, Mr. Osmond. As the court now knows, my name is Steve Green and I have... And I can pronounce it. And I have the privilege to represent the Herrin School District. The issue before the court today is one of statutory construction. Factually what has happened is the school district over a number of years did some school projects and proved their schools. The statute at that time only allowed for those objects to be paid by property taxes. The legislature amended and... Well, it didn't amend, but created the statute that allowed funding to be made through sales tax. What is at issue today is 55 ILCS 5 slash 5, 1066.7, most particularly subsection H. What happened is there were existing projects that were completed. They were funded by bonds. Those bonds were funded by the property taxes that the school district would receive. Once the statute passed, the school district made a decision to refund those bonds and utilize not only the sales tax revenue that was available to them, but also utilize the existing ad valorem tax base that it had as well. The case came before the court because the plaintiff or the appellee filed a claim and alleged that what cannot happen is the school cannot reorganize existing debt for an old project. That's basically what is at issue. Before the court has crossed motions for summary judgment with stipulated facts, and really at issue is a word, financing. The trial court heard arguments of counsel, looked at the statutory construction, looked at Black's Law, defined the word financing as a verb, and then made its ruling suggesting that the school cannot do this. It can only be prospectively. It cannot apply retroactively. In the brief of the appellant, it is suggested to the court that what the trial judge did is improper, not just looking at one's dictionary. That is not the argument. Words can have numerous meanings, and it's all dependent upon the context of the word in the statute that's important here. What the trial judge did is define the word as a verb. In spite of the fact the statute lists a number of nouns in succession, six of which precedes this verb as the trial court defined it, and several more after, all of which are nouns. The argument that is being made to this court is those are categories in which school facility purposes can use this statute for. In other words, it's not a verb. It is illogical to assume that it is a verb because you have a list of all these other nouns or categories in which school facility purposes, in fact, means. And when the trial court used one dictionary definition that defined this word as a verb, in spite of the fact that this word can be defined as a noun, and as in my brief I suggested, numerous other dictionaries all define it as a noun as well, there is no justification for declaring it as a verb in this particular instance. In fact, all of the statutory requirements for case law would suggest that you have to look at the context of the language in which it is employed. Now, with all due respect to Mr. Osmond, he doesn't address my argument at all in his brief. He simply suggests that the trial court has the ability to use one dictionary to define a word. I don't disagree with that. It isn't the fact that the one dictionary was used. The fact of the matter is you can define words in a variety of different ways depending upon the context. Love, for example. Love can be a subject or a noun. It can also be an activity or a verb as well, just like financing can be. It can be defined different ways depending upon the context in which it is used. The Appellee Brief doesn't even address that argument at all. It is suggested that because you have a list of nouns, this one would also be a category just like all the rest of them, and each category could have a variety of different activities or verbs, if you will, within each category. Financing is a category, and refinancing is an action that is, in fact, a method of financing. What happened is a refinancing, yes, but it is not something that is excluded from the statute. Statutory construction allows us to use the term in its full meaning, not in the narrowest sense, not in which it is susceptible to several meanings. The suggestion here is the word itself and how it is employed by the court is not ambiguous or ambiguity. If it can be a noun, if it can be a verb, the fact of the matter is if you are going to define it in the sense that the trial court did, it is in fact ambiguous because it isn't matching up with all the other categories. Counsel, assuming we can, we should look at it, what is the legislative history? How does it instruct us? Well, if there is the plain meaning of the statute, you don't look at that. But here, the legislative history of the statute was clear, was to provide property tax relief for those individual taxpayers and allow a different funding source for school facility purposes. That statute then later got amended, and during the period of time that this case was pending, it got amended. And clearly, the new statute allows for the refinancing of bonds. In the legislative history of the amendment, it is also clear when they were discussing it that they intended for the first statute to allow the refinancing of bonds. And in fact, that is clearly stated in the legislative history. My argument today is if the court believes that the word financing is ambiguous because it can be a noun or it can be a verb, you should look to the legislative history. And the legislative history here is very clear that what activity that the school district did is in fact allowed. You can't read into exceptions unless it's clearly indicated by the statute. If you read counsel's brief, he puts a lot of suggestion that the court can look at one dictionary definition and by using that definition make a decision. That's true except you can't look at a word outside of its context. The only thing I want this notable court to hear my argument is words by themselves have no meaning. It is the context in which they are used. If you look at the context in which financing was used in the statute, it's clear that it's a noun. If it's a noun, it's temporally specific. It is something that exists. It is not an activity. Those nouns are a category in this case. And because of that, the trial court erred. That's my argument. I thank this court for considering the saying. Thank you. Thank you. You'll have the opportunity for rebuttal, Mr. Green. Thank you. Mr. Osler. Thank you, Your Honor. Judge Kauffman in his ruling found that the statute failed him. Let's keep in mind we have the statute was passed in 2008 that allowed for financing of certain items that are in the statute. One of those items is public facilities. And it provides a listing of financing and so on and so forth. It's in the papers. Judge Kauffman said that's absolutely not ambiguous. We don't have to get to this nouns and verbs. And I didn't spend any time on it because there's no case law on it. I guess it would be a great argument in an English class, what's a noun and what's a verb and how's it useful. But there's no case law that you're going to find in an interpretation of a statute. And the interpretation of the statute is it's plain meaning. Cases are cited. Judge Kauffman had followed that. He looked at what is the plain meaning of the word financing. What he found was that that's going forward, the financing of the capital improvements, not refinancing of capital improvements. What they did was is that they had $20 million of refunding bonds and $9 million of refunding bonds for money that they spent prior to the enactment of the statute, allowing the collection of the sales tax for which my client paid into. And one thing I would correct Attorney Green on, after they began to receive the funds, they did not use ad valorem taxes for the payment of the $20 million and the $9 million. They used the sales tax and then they abated the real estate taxes. And that's not allowed by the statute. It's specifically not allowed by the statute because it says financing. Then we come along, they do the amendment. And this is the sin qua non of this case. Whenever you look at the language that was added to the statute, the added language is, what can these funds be used for? And they add, paragraph 2 relies, the payment of bonds or other obligations heretofore or hereafter issued to refund or to continue to refund bonds or other obligations issued for school facility purposes, provided that the taxes levied to pay those bonds are abated by the amount of the taxes imposed under this section or used to pay those bonds. Now, counsel says that this is, quote, a clarification. We've cited the statute, old statutes. We've cited that in our brief. This is not a clarification. If they would have stopped and said that to refund bonds, they didn't. They set up a whole new scheme that said you may use sales tax to pay school facility purposes for things that you'd already built, that you had bonds existing. But in order to do that, you have to abate the real estate taxes. Now, that's a substantial change in the statute cited in our brief. No ambiguity anywhere here. The simple matter is the Heron School District misused the sales tax money for the period of time when it was specifically not allowed to do so. And the fact that the legislature then came back and specifically included a brand new scheme for the use of the money is indicative that the cases are cited that it wasn't included in the original legislation. We're talking about a three-year period, 2008-2011. That's correct. October 2008 to August 23, 2011. And that's the period of time that we're talking about. And what we are asking is, Judge Goffman has issued a declaratory judgment saying that what they did was improper. In our complaint, we ask then that there be an accounting of the monies that was paid out of the sales tax fund for the $9 million and the $20 million during this period of time, and then that the school district be ordered to put that money back into the sales tax. In conclusion, I see no ambiguity anywhere in this, whatever you get to talking about. If there's an ambiguity in this statute, there is an ambiguity in every statute written. This reminds me of what the definition of is is. It's semantics. It's wordplay. And as I said, I've found no case law, and there are many case laws cited, to where a judge has a statutory interpretation that's based upon downs versus burns. It would be a never-ending. There is no statutory construction rule or canon or anything else. We have statutory construction rules in cases. That's the plain language. And then there's no doubt this is not retroactive because of the statute on statutes. So PNS Greenwood asked that this Court confirm Judge Goffman, I haven't been able to say that the last few times, confirm Judge Goffman's ruling and remanded for determination of how much was paid during this period of time and then for the judge to determine that and pay over to the sales tax firm. Any questions? Thank you. No, I don't think so. Thank you very much. This is a little more simple. It is. Thank you, Mr. Green. And Mr. Green, rebuttal. Thank you, Your Honor. I'll be brief. Again, the argument is not dealt with. The Supreme Court has said this plain language of the statute is what the Court is to look at, not the plain language of the word. Specifically, our Supreme Court stated we are not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express. It's not the word. It is the context. Language has no meaning outside of the context in which it is used. So a hat doesn't have any meaning outside of the context of what? I mean, a hat's a hat, right? A hat is a hat. It is a noun, yes. Yes. But the word financing is a gerund, and it can be a verb, and it can be a noun, one or other. And whether it is used as a noun or as a verb depends upon the context in which it is used. A hat is a hat. And it's never going to be a verb, is it? It is never going to be. I'm just saying that some things do have meaning without... Yes, that is true. But when you have a word like financing to determine whether it's a category, like in this statute, or whether it is a verb, you have to look at the context in which it is used. If you look at this statute, the object here is all these lists. The subject matter is the school facility purpose. The verb here in this statute means, and it specifically says, it means the acquisition, the development, the construction, the reconstruction, the rehabilitation, the improvement, the financing. It is all objects. That is, you're right, English. But our language and all the things that we say to one another and the arguments that we make in the court are all dependent upon context. Some of my language may be inappropriate to use in the court, and they may convey a meaning. But used in a different sense in the general public, that same meaning will have a different effect to those individuals. When we write to the court in our briefs, we use English. We use this expression, and those expressions are all dependent upon the context that we give to the court. If we say something out of context or we use that kind of language, what we're really saying is we're taking and using words not to the way that they were intended to be used. Here, the legislature, in its intent, clearly indicated that there was to be property relief. Now, I did not misspeak. These bonds that were issued were double-barrel bonds. They were financed or able to be financed by two different ways. I don't disagree with counsel that in this case what the school board did was abate the property tax. They did specifically try to give the property tax individuals relief, just like the legislative history wanted this statute to be utilized for. If the court is going to find this word as a verb and employ it in the manner that it did in this statute, the statute then becomes ambiguity. It is in itself a verb with a long list of other nouns. If you're going to employ it that way, it does become ambiguity. And if that's the case, you look at the legislative history. The argument that I made in my brief, the oral argument that I've made here today is looking at the context that all these things are listed as subjects, categories. Mr. Osment hasn't responded to that. I yield all the rest of the time that I have to him to come up here and explain to you why my argument is something that should be rejected by the court, not just simply stating, well, there was a dictionary definition that the court employed, and that by itself is enough. If you employ the definition, you have to use it in the plain meaning of the statute, not the plain meaning of the word. Thank you. Thank you, Mr. Green, Mr. Osment, for your briefs and arguments. And we'll take the matter as advised by Senator Wolin.